USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENALI PROPERTY MANAGEMENT, INC.,

    Plaintiff,

-against-

DENALI MANAGEMENT, INC.,

    Defendant.

Case No. 1:23-cv-01249-AT

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**

WHEREAS, certain information, documents and things that contain trade secrets or other confidential business or other commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure may be disclosed by the parties and/or nonparties voluntarily and/or in response to discovery demands;

WHEREAS, it would serve the interests of the parties to conduct this proceeding and discovery herein under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

IT IS HEREBY STIPULATED AND AGREED THAT:

1.    This Protective Order shall apply to all information, documents and things designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY by the parties or nonparty witnesses as provided in this Order. As used herein, "Confidential Information" means any information, documents and things so designated.

2.    All documents, things, answers and other information furnished in pretrial discovery are provided solely for the purpose of this litigation between the parties and may not be used for any other purpose.

3.    Each affidavit or portion thereof, each deposition transcript or portion thereof, each interrogatory answer or portion thereof, each document or portion thereof, each premise or thing or portion thereof, which is deemed by a party or by a nonparty witness producing same to disclose

Confidential Information will be so identified and labeled CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY as follows:

(a) A party and/or nonparty witness may designate material CONFIDENTIAL only if it, in concurrence with its counsel, in good faith deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 of the Federal Rules of Civil Procedure. A party and/or nonparty witness may designate material CONFIDENTIAL – ATTORNEYS' EYES ONLY only if it, in concurrence with its counsel, in good faith deems that disclosure of such material to a party would be injurious to the commercial interests of the designating entity under the standards of Rule 26 of the Federal Rules of Civil Procedure.

(b) In the case of information voluntarily disclosed in these proceedings or disclosed as a result of discovery, the producing entity may identify and mark Confidential Information at the time when an affidavit, pleading or memoranda is served, when the answer to the interrogatory or request for admission is served, when a copy of a document is provided or at the time of the inspection of the premises or thing.

(c) In the case of a deposition transcript, the designating party shall advise opposing counsel of the specific pages and exhibits to be maintained in confidence within thirty (30) days after receipt of the transcript. The party asserting confidentiality shall mark the specific pages and exhibits so designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and shall send a list and/or copy of such designated pages to the other party and the Court Reporter who shall conform all copies of the material in their possession to reflect such confidentiality designation and shall re-bind separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits CONFIDENTIAL PURSUANT TO COURT ORDER or CONFIDENTIAL PURSUANT TO COURT ORDER – ATTORNEYS' EYES ONLY, as appropriate.

(d) A party or nonparty deponent may also designate testimony or exhibits as Confidential Information during a deposition, a hearing or at trial by so stating on the record either at

the commencement of the proceeding or at any time during the proceeding, in which event all persons who are not entitled to be privy to Confidential Information pursuant to Paragraph 5 hereof shall be excluded from those portions of the proceeding at which such information is disclosed.  In the event that testimony or exhibits are designated as Confidential Information during a proceeding, the Court Reporter shall transcribe separately and bind separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits CONFIDENTIAL PURSUANT TO COURT ORDER or CONFIDENTIAL PURSUANT TO COURT ORDER – ATTORNEYS' EYES ONLY, as appropriate.

4.     Inadvertent failure to designate Confidential Information as such prior to disclosure, production or response will not prevent a subsequent confidentiality designation by letter promptly sent after discovery of such inadvertent failure, provided that any disclosure made by the receiving party prior to receipt of the letter shall not be a violation of this Order.

5.     Until and unless the Court rules that any material so identified as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY is not, in fact, confidential and should be disclosed beyond the limits permitted by this Order, access, copying or dissemination of information, documents and things so identified shall be limited to:

(a)     Counsel of record and their partners, associates and of counsel attorneys, and their employees who are not employees of the parties or their affiliates, including stenographic, clerical and paralegal employees, whose functions require access to such Confidential Information;

(b)     Independent experts or consultants for each party and their clerical personnel who are not employees of the parties or their affiliates and whose advice, consultation and/or testimony are being or will be used by the parties in connection with preparation for trial of this action and/or any motions or appeals connected with this action provided that such persons have agreed in writing, before such access is given, to be bound by the terms of this Protective Order and provided, further, that each party shall keep a record of all Confidential Information that it discloses to any expert or consultant;

      (c)      The Court and its officers (including Court Reporters);

      (d)      Witnesses for deposition and counsel for such witnesses in the course of a deposition or, following the issuance of a notice to take the deposition of a witness, in preparation for such witness's deposition; provided that, the party making such disclosure to a witness in preparation for the witness's deposition shall keep a record of the Confidential Information disclosed to such witness and provided, further, that in advance of the disclosure of information marked CONFIDENTIAL – ATTORNEYS' EYES ONLY, the party seeking to disclose such information shall so inform the entity who designated the information as confidential and such designating entity shall be entitled to object to the disclosure in which event they shall attempt in good faith to negotiate a stipulation to delineate what information marked CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed to the particular witness and the circumstances under which such disclosure may be made.  If the parties cannot agree, the party seeking to disclose the information marked CONFIDENTIAL – ATTORNEYS' EYES ONLY at or in preparation of a witness for a deposition shall not do so without first obtaining Court approval pursuant to Paragraph 10 hereof;

      (e)      The parties to this action, their officers, employees, in-house legal staff and affiliates, except for documents marked CONFIDENTIAL – ATTORNEYS' EYES ONLY by the producing party; and

      (f)      any other person that the parties hereto agree to in writing.

Any person to whom disclosure will be made pursuant to Paragraphs 5(b), (d) or (f) of this Order shall be given in advance a copy of this Order and shall acknowledge that he or she is subject to the terms of this Order by executing the recital in the form attached here as Exhibit A.  Counsel for each party shall maintain copies of executed recitals with respect to all persons described in Paragraphs 5(b), (d) or (f) to whom counsel has disclosed or exhibited any Confidential Information.

      6.      Absent Court order, Confidential Information bearing a label specified in paragraph 3 hereof shall not be made public by a party or witness to whom they are disclosed, unless they become a part of the public record of this action.  All information subject to confidential treatment in

accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal. Such Confidential Information shall be filed with the Clerk of the Court in an envelope marked "CONFIDENTIAL – FILED UNDER SEAL" or pursuant to such other rules as are provided for this purpose by the United States District Court for the Southern District of New York. The parties shall follow Judge Lehrburger's rules for filing materials under seal.

7. This Protective Order shall not foreclose any of the parties from moving this Court for an order that materials bearing a label specified in paragraph 3 hereof are, in fact, not within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure, or that Confidential Information designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY should be reclassified as CONFIDENTIAL only, or that materials voluntarily disclosed by a party in these proceedings should not be subject to the protections of this Order. In addition to service on the opposing party, a copy of any such motion shall be served on any non-party who designated the material at issue as Confidential Information, and such non-party shall have standing to oppose such motion before the Court. On such motion, the entity asserting confidentiality (i.e. the designating entity) shall have the burden of proving that the material in question is within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure and/or that disclosure of the material should be restricted. Nothing contained herein shall preclude a party or nonparty witness from: (a) using or disseminating its own Confidential Information in any way; (b) disclosing information taken from a document marked CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to any person who on the face of that document is shown as having previously received the document; (c) disclosing information which, at the time of disclosure, was already in the recipient's possession or available to it from any other source having no obligation to the party or nonparty witness which is the source of said information or which is, or at any time hereafter becomes, available to the public or which, after access is gained through disclosure in this action, is at any time obtained by the recipient from any

other person, firm or company having no obligation to or relationship with the source of said information; or (d) waiving any provision in this Order with respect to any Confidential Information designated by it without further order of the Court.

8. This Protective Order shall not prevent any of the parties or nonparty witnesses from applying to the Court for relief herefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

9. Subject to the limitations of this Protective Order, Confidential Information identified in accordance with paragraph 3 hereto may be used during discovery, during any motion hearings, at the trial of this action or in support or in opposition to any motions in this action subject to the Federal Rules of Evidence and subject to any further Order as this Court may enter, and may be used to prepare for discovery and/or trial and/or any motions in this action, but may not be used for any other purpose; provided, however, that those portions of such testimony, evidence and motion papers containing Confidential Information shall also be considered Confidential Information subject to the strictures of this Protective Order and must be filed with the Clerk of this Court in accordance with paragraph 6 of this Order. When Confidential Information or other documents containing such information are presented, quoted or referenced in any hearing, trial or other proceeding before the Court, counsel of record for the offering party shall make such intent known so that the designating party may request that the Court ensure that, consistent with applicable legal restraints, only persons entitled to receive Confidential Information are present during such presentation, quotation or reference.

10. In the event that a party shall desire to provide access to Confidential Information hereunder to any person or category of persons not included in paragraph 5 hereof, it shall move this Court for an order that such person or category of persons may be given access to the Confidential Information. In the event that the motion is granted, such person or category of persons may have access to the Confidential Information, provided that such person or persons agree in writing, before such access is given, to be bound by the terms of this Protective Order.

11. After final termination of this case, receiving counsel shall return all copies and samples of Confidential Information in its possession, custody or control to counsel for the party who has provided them or certify destruction thereof; provided that outside counsel may maintain work product in the ordinary course.

12. No copy of any transcript of any deposition taken by any party which is designated in part or in whole as Confidential Information shall be prepared or furnished by the reporter to any person other than to attorneys of record for the parties. Neither the original nor any copy of any transcript of any deposition taken in this action shall be filed in Court until the time period has elapsed for the designation of portions of the transcript as Confidential Information. If given a confidentiality classification, the confidential portion of the transcript shall be retained by said counsel and, when used in this action, filed under seal in accordance with paragraph 6 above unless otherwise agreed upon by the parties.

13. Inadvertent production of any document, thing or other information during discovery in this action shall be without prejudice to any claim that such material is privileged in any way or protected from discovery as attorney work-product, and no party or non-party witness shall be held to have waived any rights by such inadvertent production. The producing entity shall assert any such privilege or work-product claim promptly upon discovery of its inadvertent production by notifying the recipient of the document of its claim in writing or orally at a deposition or other hearing of record. Upon receipt of such notice, the recipient shall return all copies of the document or information to the producing entity. Such document or information shall not be introduced into evidence in this or any other proceeding by any person without consent of the producing entity or by order of the Court, nor will such document or information be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

14. In the event that a party or nonparty witness to which Confidential Information has been disclosed receives a discovery request, subpoena, order or other form of compulsory process requiring that it (the "Subpoenaed Party") produce information, documents, things or other materials

that have been designated as Confidential Information, the Subpoenaed Party shall object to such production on the ground of confidentiality and shall promptly notify the designating party of the demand. If the designating party elects to resist production of the materials, it shall promptly so notify the Subpoenaed Party, and the latter shall cooperate in affording the designating party the opportunity to oppose or limit production of the materials, provided that the designating party shall bear all expenses, including attorneys' fees, incurred by the Subpoenaed Party in connection therewith.

15. This Protective Order shall survive the final determination of this action and shall remain in full force and effect after the conclusion of all of the proceedings herein in order to provide the Court with ancillary jurisdiction to enforce its terms and to ensure compliance herewith.

16. The parties are free to seek relief from the Court at any time regarding any provision of this Protective Order.

Dated:  November 16, 2023

**SANTOMASSIMO DAVIS LLP**


By:   /Anthony J. Davis/
Anthony J. Davis
450 Seventh Avenue, Suite 2205
New York, New York 10123
(p) (212) 972-0786
(f) (201) 712-9444
adavis@ogcsolutions.com

*Attorneys for Plaintiff Denali Property Management, Inc.*


**GIMIGLIANO MAURIELLO & MALONEY, P.A.**


By:   /Joshua A. Druck/
Robert W. Mauriello, Jr.
Joshua A. Druck
16 W. 22nd St., 10th Floor
New York, New York 10010
(p)  646) 859-5800
rmauriello@lawgmm.com
jdruck@lawgmm.com

*Attorneys for Defendant Denali Management, Inc.*

So Ordered:

11/16/2023

_____
Hon. Robert W. Lehrburger, U.S.M.J.